Joimsox, C. J. The principal question presented by the record in this case, relates to the dating of the instrument, upon which the suit is founded. This is a question of pure fact; and consequently, must be settled by the testimony detailed before the jury. Hutchings, a witness introduced by the defendant in error, fully established the genuineness of all the signatures, aird left no doubt as to the execution of the note. He stated that the note, together with two others, was executed for a stock of goods purchased of George Brungard by Inglish & Johnson, that the date was not inserted at the time Johnson delivered the note to Brungard, that they disputed about the date at the time; but that they finally agreed to refer the matter to Inglish, and abide by whatever he should say in respect to it. He also testified that before and about the time Brungard left Little Rock, he became very urgent to have the blank, which had been left for the day of the month, filled up ; but that he and Johnson still differed about the time to be inserted, and that they then agreed again to refer the matter to Inglish. He further stated that Brungard and Johnson disagreed as to the time that the interest should commence running, and that this was the cause of the dispute, and further, that Inglish and Johnson were still partners on the tenth day of January A. D. 1840. The defendant in error then introduced a letter, dated at Little Rock, January 10th, 1840, and which purported to have been written by Inglish and Johnson and addressed to G. C. Brenc-man. This letter was in answer to one already received by Inglish and Johnson from Breneman in regard to notes, which they had given to G. Brungard. They remarked, when speaking of the notes, that they were entitled to a credit on the first due of $164 38 for error in the invoice, and also to a credit on the two last of the interest, which had been included, that they were entitled to such credits, and that they should insist upon them, and further, that they held Brungard’s obligation for the deduction of the interest in case that Inglish should not say it was the agreement that it should be paid. This is the substance of all the testimony bearing directly upon this point. The inquiry now is, whether the jury, from this state of' facts, were warranted in finding either that the date was inserted before, or at the delivery of the instrument, or that it was subsequently inserted by the party in whose favor it was made, and the act ratified by the makers. Upon the assumption that either state of case is true, the effect is the same in law. The testimony of Hutchings, relative to the execution of the note, coupled with the recognition of Inglish and Johnson in their letter to Breneman, certainly can leave no doubt of its identity. The evidence is clear and conclusive that the day of the month was not inserted at, or any time before the delivery of the note. If there is any evidence of a subsequent ratification, it must be founded upon the slightest and weakest of circumstances. There is nothing in the letter of the plaintiffs to the defendant which can, by possibility, be construed into a ratification of such an act. But the witness testified that the matter of the date was to be referred to Inglish, that he had seen Brungard and that after his interview with him, he had expressed some dissatisfaction in respect to the note. This is certainly very slight evidence that Inglish either fixed upon the date, or ratified that which had been previously inserted. The testimony is wholly silent in respect to the matter, and we conceive therefore that the jury had no sufficient data upon which to base their verdict. The plaintiffs in error urged as one reason why they should have a new trial that the defendant’s witness had committed a mistake in respect to what Inglish had said about having had an interview with Brungard. We do not consider it material to decide whether such mistake was or was not sufficient to entitle them to a new trial as the facts stated by the witness, admitting them to be strictly true, most assuredly were not sufficient to support the verdict; and consequently it is not to be presumed that they had any influence upon the jury. The plea interposed by the plaintiffs had the effect to throw the whole burden of the proof upon the defendant, and having failed in the matter of the date he most unquestionably was not entitled to a verdict. He neither proved that the day of the month was inserted at or before the delivery of the note, or that it was afterwards inserted and ratified by the makers, or that the blank was filled with the date that had been agreed upon by the parties. Under this view of the whole case we are forced to the conclusion that the finding oí the jury was not warranted by the evidence. The only remaining point to be determined, results from the second instruction asked by the defendant. The instruction is as follows: “ That a subsequent ratification by the makers is equivalent to an original authority for the filling up the blank in the day of the month, and the jury are bound by law to find for the plaintiff, if they believe from the evidence that such subsequent ratification was made by Inglish and Johnson.” It is objected that although the act may have been ratified by Inglish and Johnson, yet they are not bound by it, because it was not shown to have been ratified by the other makers. The instruction was sufficiently broad and technically correct inasmuch as Inglish and Johnson were alone sought to be made liable for the debt. If the suit had been still pending against all or either of the securities, it would not have been sufficiently comprehensive, as the moment the note passed into the hands of Brungard and thereby became perfect as an obligation, the implied authority of the plaintiffs to fill up the blank ceased, and an authority in fact was absolutely necessary to enable Inglish and. Johnson to bind their securities; because any alteration then made without the consent of the securities would either have changed their contract, or have created an obligation where none existed before. 5 Ark. Rep. 382. The other instructions are all believed to be in strict accordance with the principles of law. We are of opinion that the verdict of the jury is unsupported by the testimony, and that therefore the motion for a new trial should have been sustained. The judgment of the circuit court must therefore be reversed, and the case remanded with instructions to be proceeded in according to law and not inconsistent with this opinion.